UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| JENNA BURTON, D.O., | : Case No. 3:23-cv-185 |
| Plaintiff, | : |
| vs. | : District Judge Michael J. Newman |
| | : Magistrate Judge Peter B. Silvain, Jr. |
| KETTERING ADVENTIST HEALTHCARE, *et al.*, | : |
| Defendants. | : |

# REPORT AND RECOMMENDATION[1]

This civil case is before the Court following *pro se* Plaintiff's failure to respond to the Court's April 3, 2024 Order to Show Cause. (Doc. #12)

On January 16, 2024, Plaintiff's attorney filed a motion to withdraw as counsel. (Doc. #9). The undersigned granted Plaintiff's attorney's motion and set a status teleconference for March 7, 2024, at 10:00 a.m. (Doc. #10). Counsel for Defendants appeared at the teleconference; Plaintiff did not join the teleconference. *See* Mar. 7, 2024 Minute Entry. The Court contacted Plaintiff's former attorney and confirmed Plaintiff's address and phone number. Thereafter, the undersigned reset the status teleconference to April 3, 2024, at 10:00 a.m. (Doc. #11). Counsel for Defendants appeared at the teleconference; Plaintiff did not join the teleconference. *See* Apr. 3, 2024 Minute Entry. The Court attempted to call Plaintiff, but she did not answer. Counsel for Defendants informed the Court that they have not engaged in any discovery.

On April 3, 2024, the undersigned ordered Plaintiff to show cause why this case should not be dismissed for failure to prosecute. (Doc. #12). Plaintiff was advised that failure to show cause

---
[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendation.

on or before May 3, 2024 could result in the dismissal of this case for failure to prosecute. *Id.* Despite this warning, Plaintiff has failed to respond to this Court's Order to Show Cause, and the time for doing has expired.

District courts have the inherent power to dismiss civil actions for want of prosecution to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962); *see also Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) ("It is well settled that a district court has the authority to dismiss sua sponte a lawsuit for failure to prosecute.") (citations omitted); *Jourdan v. Jabe*, 951 F.2d 108, 109-10 (6th Cir. 1991) (affirming case dismissal where *pro se* plaintiff failed to comply with "readily comprehended court deadlines of which he was well-aware"). Plaintiff's failure to join two teleconferences -- indeed, her failure to participate in this case since her counsel withdrew -- leaves the record void of any explanation for her inaction. Her silence, moreover, in response to the Order to Show Cause (Doc. #12) leaves the record void of any reason for her failure to prosecute. In light of these circumstances, dismissal of this case is warranted. Fed. R. Civ. P. 41(b); *see Link*, 370 U.S. at 630-31; *Carpenter*, 723 F.3d at 704.

Accordingly, the undersigned **RECOMMENDS** that this case be **DISMISSED** with prejudice for failure to prosecute.

May 8, 2024

*s/Peter B. Silvain, Jr.*
Peter B. Silvain, Jr.
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).